IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA FOOTHILLS PUBLIC UTILITY DISTRICT,<br><br>Plaintiff,<br><br>vs.<br><br>CLARENDON AMERICA INSURANCE COMPANY, et al.,<br><br>Defendant. | No. CV-F-05-736 REC/LJO<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT |

On August 15, 2005, the court heard defendant Clarendon America Insurance Company's motion to dismiss or for more definite statement.

Upon due consideration of the arguments of the parties and the record, the court denies Clarendon's motion for the reasons set forth herein.

Sierra Foothills Public Utility District (hereinafter referred to as Sierra) filed a Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraud and

1

Declaratory Relief against Clarendon America Insurance Company (hereinafter Clarendon) and Does 1-100 in the Fresno County Superior Court.  Clarendon removed the action to this court.

The Complaint alleges Clarendon insured Sierra under a Public Official's Liability Policy for the period December 28, 2001 to December 28, 2002; that, under Coverage "B", the policy provides coverage for claims made against the insured "governmental entity" for "wrongful acts"; that, under this coverage, Clarendon agreed that if a "claim" was first made during the policy period and the "wrongful act" occurs during the policy period of after the retroactive date of December 28, 1999 shown in the Declarations, Clarendon will defend any "suit" seeking to recover for any such "loss" on account of such "wrongful act" as well as to pay on behalf of the insured all "loss" which the insured becomes legally obligated to pay.  The Complaint describes the exclusions set forth in the policy.  The Complaint alleges that David B. Englert, an employee of Riverbend Operations, Inc., the general manager of Sierra, filed a Complaint for Breach of Contract against Sierra on April 17, 2003.  Englert alleged that he was employed as general manager of Sierra; that, on October 17, 2002, Sierra breached his employment contract by terminating him without good cause and in violation of public policy; that, after terminating Englert, Sierra falsely accused Englert of financial improprieties with public funds, publicly disclosed privileged matters involving Englert's employment, refused to return personal property to Englert,

attempted to have Englert arrested, and circulated false rumors that Englert's arrest was imminent and that Englert was dishonest.  Sierra's Complaint against Clarendon further alleges:

> 8. The defense and indemnity of the <u>Englert</u> action was promptly and timely tendered to Clarendon under the Policy.  By letter dated June 13, 2003 from Nelia Winkler, a Claims Adjuster for First Mercury Insurance Company, Clarendon's Claims Administrator, Clarendon wrongfully denied coverage for the allegations in the <u>Englert</u> action based on Exclusions 'L,' 'K' and 'V' without conducting any investigation.  On April 5, 2004, Sierra Foothills again tendered the defense of the <u>Englert</u> action to Clarendon America.  Again, without any investigation, Nelia Winkler by letter dated April 12, 2004, reiterated Clarendon's denial of coverage.
>
> 9. As a direct and immediate consequence of Clarendon's wrongful denial, Sierra Foothills attempted to defend itself by retaining counsel.  However, Sierra Foothills did not at the time have sufficient funds to fully defend itself by retaining counsel experienced in employment matters or to otherwise vigorously respond to Englert's assertions.
>
> 10. As a result, the <u>Englert</u> action went to trial and resulted in a Judgment of $1,765,943 on March 19, 2004, which Judgment is now on appeal with the Fifth District Court of Appeal in Fresno.
>
> 11. Subsequent to the entry of judgment, Sierra Foothills again tendered the defense of the <u>Englert</u> action to Clarendon.  In its re-tender, Sierra Foothills pointed out that the <u>Englert</u> Complaint alleged claims for conversion and invasion of privacy occurring after Englert's termination.  Sierra Foothills noted that the exclusions 'I', 'K' and 'V,' cited in Clarendon's initial denial of coverage letter, were inapplicable. Clarendon again denied coverage, this time citing, for the first time, exclusions 'V' [sic] and, for the first time, exclusion 'Z'

and Insurance Code § 533.  Sierra Foothills responded pointing out the inapplicability of these exclusions and of Insurance Code § 533.  In reply, Clarendon again denied coverage, this time citing exclusions 'B' and 'O.'  Sierra Foothills again responded, pointing out the inapplicability of these exclusions, but Clarendon has continued to refuse to defend or indemnify Sierra Foothills.

12.  Clarendon's denial of coverage is wrongful, unreasonable and in bad faith.  Specifically, Clarendon has:

    a.  Failed to conduct any investigation.

    b.  Improperly interpreted the policy in a restrictive manner so as to wrongfully withhold benefits for which the insured paid a premium.

    c.  Improperly relied on titles of causes of action set forth in the <u>Englert</u> Complaint rather than the facts alleged.

    d.  Improperly relied on the facts as established when an issue of fact clearly existed.

    e.  Improperly relied on unproven allegations to deny coverage.

    f.  Improperly employed hindsight in wrongfully concluding that no duty to defend existed.

    g.  Improperly relied on evidence from the trial that it did not have when it denied coverage.

    h.  Improperly asserted that the allegations of conversion and invasion of privacy were not separate and distinct from the stated causes of action for wrongful termination and termination in violation of public policy.

    I.  Improperly relied on Insurance Code § 533 to deny a defense.

4

    j. Improperly asserted that Englert was an employee even after the alleged termination.

    k. Ignored additional information provided by Sierra Foothills clearly establishing Clarendon's duty to defend.

    l. Refused to respond to many of the points made by Sierra Foothills in its multiple re-tenders.

The Complaint alleges as a First Cause of Action breach of contract, alleging that Clarendon has breached the contract with Sierra by "(1) failing to properly investigate the claim, (2) wrongfully denying coverage for both defense costs and indemnity."  The Third Cause of Action is for fraud, incorporates the preceding allegations and further alleges:

> 22.  On ... February 28, 2001, Clarendon, by way of the provisions of [the] Policy, represented that it would provide a defense to Sierra Foothills with respect to claim which were potentially covered under said policy and that it would indemnify Sierra Foothills for losses covered under the policy and not otherwise excluded.  Said representations were false in that Clarendon America never had any intention of providing such a defense or indemnification.  Said representations were knowingly false and were made with the intent to defraud, or in the alternative, were made without any reasonable basis for believing them to be true.  Sierra Foothills reasonably and justifiably relied on these representation [sic] in expending sums to procure the policy, in tendering its defense, and in incurring other costs and attorneys fees.

The Fourth Cause of Action is for declaratory relief, incorporates all preceding allegations, and further alleges in pertinent part:

5

> 25. An actual controversy has arisen and now exists between Sierra Foothills and Clarendon over whether Clarendon's policy provides coverage for the allegations in the Englert action.
>
> 26. In view of the controversy herein referred to above, Sierra Foothills seeks a declaration that Clarendon's policy does provide coverage for defense and indemnity for the allegations in the Englert action.

**A. Motion to Dismiss.**

Clarendon moves the court to dismiss the Third Cause of Action for fraud and promissory estoppel and the Fourth Cause of Action for declaratory judgment.

**1. Third Cause of Action for Fraud.**

Clarendon moves to dismiss this cause of action that a claim for fraud cannot be solely on allegations that Clarendon failed to comply with the terms of the insurance policy.

In so moving, Clarendon notes that Rule 9(b), Federal Rules of Civil Procedure, requires fraud to be pleaded with specificity. As explained in In re Glenfed, Inc. Securities Litigation, 42 F.3d 1541, 1547-1548 (9th Cir. 1994):

> ... Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place, and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not 'constitute' fraud. The statement in question must be false to be fraudulent ... To allege fraud with particularity, a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or

6

>omission complained of was false or misleading. A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud. But the plaintiff cannot do anything less and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which *constitute* the fraud.

Clarendon also refers the court to Smith v. Allstate Insurance Company, 160 F.Supp.2d 1150 (S.D.Cal. 2001). In Smith, the insureds sued their homeowners insurer for fraud. In concluding that the complaint did not allege fraud with the specificity required by Rule 9(b), the district court, relying on In re Glenfed Securities, held in pertinent part:

>... The Ninth Circuit has identified two aspects of this particularity requirement ... First, the plaintiff's allegations must identify the time, place and content of the alleged misrepresentation so that the defendant can identify the statement ... Second, the plaintiff must plead facts explaining why the statement was false when it was made ... A plaintiff can satisfy this requirement in a number of ways: by pointing to inconsistent contemporaneous statements or information which was made by or available to the defendant ...; later statements made 'by the defendant along the lines of "I knew it all along."' ....
>
>As a consequence of this second requirement, the plaintiff is precluded from simply pointing to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when made ....

160 F.Supp.2d at 1152-1153. The district court noted that the fraud cause of action alleged that Allstate, through its written sales presentations and homeowner's insurance policy, agreed to

7

idemnify plaintiffs' home against fire damage, that the insurance policy stated that plaintiffs would be in "good hands" with Allstate, that Allstate made these representations to induce plaintiffs to enter into the homeowner's insurance policy, that Allstate never intended to honor these representations, and that Allstate has yet to pay any of plaintiffs' dwelling losses.  The plaintiffs relied on these allegations in claiming that Allstate never intended to honor its contractual promises or promises to treat plaintiffs with "good hands."  In holding that these allegations did not satisfy Rule 9(b), the district court held:

> First, with respect to the contractual promises claim, Plaintiff's pleading merely specify the time, place, and manner of Allstate's representations.  These pleadings fail to specify facts from which the Court can infer that the alleged misrepresentations were false at the time they were made.  Plaintiffs dispute this conclusion, arguing that
>
>> Allstate promised in writing to indemnify [P]laintiffs if they suffered a loss to their home, that a loss occurred on May 6, 2000, and that Allstate has since that day and every day thereafter to the present date refused to honor its promise of indemnification and has refused to provide [Plaintiffs] with *any* explanation as to why payment has not been made.  This evidence, standing alone, supports a factual inference that Allstate never intended to honor the promises it made to [Plaintiffs when the coverage was sold].
>
> ...
>
> This argument is specious.  It assumes that the alleged breach of contract can be used as

8

>                   evidence that Allstate never intended to
>                   honor the contract, thereby committing fraud.
>                   Such an assumption is unwarranted because it
>                   contradicts the heightened pleading
>                   requirements of Rule 9(b) and would allow
>                   'every breach on contract [to] support a
>                   claim of fraud so long as the plaintiff adds
>                   to his complaint a general allegation that
>                   the defendant never intended to keep her
>                   promise.' ....
>
>                   Plaintiffs' Second Cause of Action contains
>                   no facts (besides the alleged breach of
>                   contract) suggesting that Allstate's
>                   representations were false at the time they
>                   were made. Accordingly, this basis for the
>                   Second Cause of Action is dismissed for
>                   failing to comply with Rule 9(b).

160 F.Supp.2d at 1153-1154.

   Clarendon argues that the allegations supporting the Third Cause of Action are equally deficient and are based solely on the claims that Clarendon breached the contract by failing to provide coverage and a defense.  Clarendon asserts, there are no allegations from which it may be inferred that Clarendon made any misrepresentations to Sierra at the time the policy was issued which it may be inferred that Clarendon never intended to honor the contract.

   Sierra responds that the allegations in the Complaint before the court are distinguishable from those involved in Smith and support a conclusion that the Third Cause of Action alleges fraud within the requirements of Rule 9(b):

>                   [I]t is Clarendon's *explanations* through its
>                   various declination letters, including new
>                   *explanations* with each letter, and its
>                   multiple failures to investigation [sic] the
>                   claim to learn the clear inapplicability of
>                   the *explanations*, that supports the

9

>           allegation Clarendon never intended to
>           discharge its contractual obligations to
>           begin with.  From one re-tender to the next,
>           Sierra Foothills explained to Clarendon why
>           the exclusions it relied on were not
>           applicable, but Clarendon would simply
>           respond with yet another declination letter
>           cited [sic] *entirely new exclusions*.
>           Compounding matters for Clarendon and thus
>           supporting Sierra Foothills claim, is that
>           Clarendon not only failed to conduct an
>           investigation into the facts of the claim, it
>           relied on unproven allegations to deny the
>           claim, lumped disparate allegations into
>           excluded categories, claimed Mr. Englert was
>           an employee even after the alleged
>           termination that spawned the underlying
>           action, ignored information provided by
>           Sierra Foothills and simply refused to
>           respond to many of the points raised by
>           Sierra Foothills in its multiple re-tenders
>           ... These allegations clearly establish that
>           Clarendon never had any intent of honoring
>           its promises, but instead it proceeding with
>           the goal of avoiding its promises by failing
>           to investigate and by relying on any
>           exclusions it could conjure up, while
>           attempting to act in good faith while forcing
>           Sierra Foothills into litigation.

Clarendon replies that Sierra is merely incorporating the allegations supporting the First Cause of Action for breach of contract and the Second Cause of Action for breach of the implied covenant of good faith and fair dealing into the Third Cause of Action for fraud without any particularity regarding the time, place or content of the alleged misrepresentations.  Clarendon contends that if all the actions allegedly constituting a breach of the implied covenant of good faith and fair dealing also satisfy a claim for fraud, there would be no reason to have the Second and Third Causes of Action in the Complaint.  Clarendon argues:

1
2
3
4
5
6
7
8
9
10
11
12

> Here, there is no way that Clarendon can respond to the allegations in the Third Cause of Action other than to deny that they have done anything wrong. The allegations are simply conclusory statements that because coverage was denied that it allegedly had no intention of providing a defense or indemnification. The Complaint fails to allege who allegedly made the statements and how they were reasonably relied upon by Sierra Foothills. Clarendon is precluded from providing the requisite admissions and denials in any answer based on the vagueness of the allegations asserted in the Third Cause of Action. Accordingly, the Third Cause of Action should be dismissed for failure to meet the pleading requirements under Rule 9(b) or, at minimum, leave to amend should be provided to Sierra Foothills to allege the specific time, place and content of the alleged misrepresentations to allow Clarendon to adequately defend the claim.

13 The court does not agree with Clarendon that the Complaint
14 does not adequately set forth the time, place and content of the
15 alleged misrepresentations upon which Sierra relies in support of
16 its claim of fraud or the identity of the person making the
17 alleged misrepresentations.  The court also concludes that the
18 allegations of the Complaint suffice to allege a claim for fraud.
19 Unlike the allegations in In re Glenfed Securities and Smith, the
20 Complaint alleges more than a claim of fraud based solely on the
21 fact that the insurance policy was allegedly breached.  Here, the
22 Complaint alleges that the insurance policy promised coverage and
23 a defense, a misrepresentation evidenced by the varying theories
24 of denying coverage and a defense.  Consequently, the court
25 concludes that the Complaint satisfies Rule 9(b) and precludes
26 the conclusion that the that plaintiff can prove no set of facts

11

in support of the fraud cause of action.[1]

## 2. **Fourth Cause of Action for Declaratory Relief**.

Clarendon moves to dismiss the Fourth Cause of Action for declaratory relief on the ground that it is duplicative of the First Cause of Action for breach of contract and, if Sierra prevails on the First Cause of Action, the cause of action for declaratory relief serves no useful purpose.

In considering whether to hear a claim for declaratory relief, courts consider two criteria: (1) if the judgment "will serve a useful purpose in clarifying and settling the legal relations in issue," and (2) if "it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." McGraw-Edison Co. V. Preformed Line Products Co., 362 F.2d 339, 342 (9th Cir. 1966). When the issues raised by the prayer for declaratory relief will be completely disposed of in other litigation, it may be appropriate to decline to hear the action because it will serve no useful purpose. Id. at 343. Similarly, if a claim for declaratory relief presents merely factual questions that will not terminate the dispute between the parties, it may be appropriate to decline the action. Celador International Ltd. v. The Walt Disney Co., 347 F.Supp.2d 846, 857 (C.D.Cal. 2004), citing Newton v. State Farm Fire & Casualty Co., 138 F.R.D. 76, 79 (E.D.Va. 1991).

---

[1] The court concludes that there is no need for a more definite statement. Clarendon is able to file an answer to the Complaint as pleaded.

1    The First Cause of Action for breach of contract alleges
2 that Clarendon wrongfully denied coverage for both defense costs
3 and indemnity.  The Fourth Cause of Action seeks a declaration
4 that Clarendon's policy does provide coverage for defense and
5 indemnity for the allegations in the Englert action.
6    Clarendon argues that the declaration sought by the Fourth
7 Cause of Action serves no useful purpose in this litigation
8 because the question of whether the policy obligated Clarendon to
9 defend and/or indemnify Sierra in the Englert litigation will be
10 fully resolved by the First Cause of Action.
11    Sierra argues that the Fourth Cause of Action serves a
12 useful purpose in the litigation before the court because

> Englert *is* a third party case that involved *and continues to involve* not only the duty to defend but, depending on the results of the pending appeal, an immediate duty to indemnify or the potential of such duty in the future.  It is the continuing obligation of Clarendon to perform that underlies Sierra Foothills' declaratory claim, as that claim is the vehicle through which Sierra Foothills seeks certainty and security with regard to Clarendon's duties.  Furthermore, as Englert is on appeal, the declaratory claim takes on an important exigency ....

20   Because of the potentially continuing duty to defend on the
21 appeal or thereafter if a re-trial is ordered, the court does not
22 view the Fourth Cause of Action as serving no useful purpose.
23 The court is not faced with a situation in which the underlying
24 litigation is final and the insured is merely seeking damages
25 from the insurer because of the refusal to defend and indemnify.
26 Consequently, the court concludes that the Fourth Cause of Action

13

1 | will not be dismissed as duplicative.
2 |     ACCORDINGLY:
3 |     1.  Defendant Clarendon America Insurance Company's Motion
4 | to Dismiss or For More Definite Statement is denied.
5 |     IT IS SO ORDERED.
6 | **Dated:  August 29, 2005**                    **/s/ Robert E. Coyle**
  | 668554                                         UNITED STATES DISTRICT JUDGE